# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

STEPHEN SATCHER,

        Petitioner,

v.                                          CIVIL ACTION NO. 2:14-CV-92
                                                          (Judge Bailey)

LEONARD ODDO, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On December 1, 2014, the *pro se* Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Subsequently, Petitioner filed his petition on the Court-Approved Form on January 20, 2015. ECF No. 12. Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of sentences imposed in the United States District Court for the District of Maryland. Id. at 1. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On March 8, 2000, Petitioner was charged in a two-count Indictment. ECF No. 1. Thereafter, a Superseding Indictment was filed against Petitioner [ECF No. 23] and on

---

[1] All ECF references in this section refer to case no. 8:00-CR-0105, District of Maryland.

1

May 30, 2001, a Second Superseding Indictment was filed against Petitioner. ECF No. 154. The Second Superseding Indictment charged Petitioner with kidnapping resulting in the death of Jovita Dickerson, in violation of 18 U.S.C. § 1201 (Count 1); conspiracy to kidnap, in violation of 18 U.S.C. § 1201(c) (Count Two); carjacking resulting in the death of Jovita Dickerson, in violation of 18 U.S.C. § 2119 (Count Three); interstate domestic violence resulting in the death of Jovita Dickerson, in violation of 18 U.S.C. § 2261(a)(1) (Count Four); and interstate stalking, in violation of 18 U.S.C. § 2261A (Count Five). Id.

The United States filed a Notice of Intention to Seek the Death Penalty on May 31, 2001. ECF No. 158. Trial was scheduled for January 11, 2002, and during jury selection, Petitioner pled guilty to all counts of the Second Superseding Indictment pursuant to a written plea agreement. ECF No. 219.

Pursuant to his plea agreement, Petitioner waived all rights to appeal conferred by 18 U.S.C. § 3742, including his right to challenge any sentence imposed. Id. He also waived his right to contest his guilty plea or sentence under 28 U.S.C. § 2255. Id. Petitioner appeared before the United States District Court for the District of Maryland for sentencing on April 1, 2002. Sent. Order, ECF No. 221. The Court imposed a sentence of life imprisonment as to Counts One, Two, Three, Four, and Five, all to run concurrently; five years supervised release with conditions as to Counts One, Two, Three, Four, and Five, all to run concurrently; $505,187.40 restitution; and a $500 special assessment. Id.

On June 7, 2012, Petitioner filed a section 2255 Motion to Vacate alleging that Congress exceeded its powers under the Constitution and violated his Tenth

Amendment rights. ECF No. 234. Petitioner's Motion to Vacate was dismissed as untimely on November 29, 2012. ECF No. 241. Thereafter, on September 12, 2013, Petitioner filed a Notice of Appeal based on the District Court's denial of his section 2255 motion. ECF No. 242. The Notice of Appeal was subsequently dismissed on November 26, 2013, because it was not timely filed. ECF No. 246.

### III. CLAIMS OF PETITION

In support of his section 2241 petition before this Court, Petitioner raises two grounds for relief:

(1) the federal government usurped its function under the Tenth Amendment because the state of Maryland maintains criminal statutes that cover his conduct. Bond v. United States, 134 S.Ct. 2077 (2014) (Bond II); and

(2) the recent Supreme Court decision, Rosemond v. United States,134 S.Ct. 1240 (2014), renders Petitioner legally innocent of the aiding and abetting charges under 18 U.S.C. § 2.

ECF No. 12 at 5-6. For relief, Petitioner requests that this Court invalidate his guilty plea, vacate his sentence and order his release. Id. at 8.

### IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule

1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

## V. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007)(internal citations omitted).

While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255. The savings clause allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section

4

2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under section 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the section 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). A petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one. Id. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.

>The limitation period shall run from the last of:
>
> a. The date on which the judgment of conviction becomes final;
> b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Petitioner maintains that section 2255 is inadequate or ineffective to the test the legality of his detention because an intervening change in law occurred after he filed his section 2255 motion. As previously noted, the Petitioner relies on <u>Bonds II</u> and <u>Rosemond</u>. However both cases are clearly distinguishable from the Petitioner's case and fail to demonstrate that he meets the stringent requirements of <u>In re Jones</u>.

In <u>Bonds II</u>, the Supreme Court held that the "purely local crime" of attempting to injure a person by placing a toxic chemical on her car, mailbox, and door knob, should not be subject to prosecution under the federal law which was enacted to implement an international treaty (the international Convention on Chemical Weapons, ratified by the United States in 1997). <u>Bond II</u>, 134 S.Ct. at 2083. The majority concluded that Congress did not intend to intrude into traditional state authority over such matters as a simple assault, when it passed legislation to prevent chemical warfare pursuant to the treaty. <u>Bond II</u>, 134 S.Ct. at 2093-94.

Regardless of whether this Court accepts Petitioner's argument that former precedent prevented him from raising a Tenth Amendment challenge to his conviction, his claim fails on the merits. The statutes under which he was convicted were enacted pursuant to Congress' authority to regulate interstate commerce, a power specifically delegated to it in the Constitution. <u>See</u> U.S. Const. art 1, § 8. Accordingly, the statutes under which he was charged do not exceed Congress' legislative authority, and they do not violate the Tenth Amendment in general or as applied to Petitioner.

Petitioner also argues that he is actually innocent of the aiding and abetting section of the indictment relying on the Supreme Court decision in <u>Rosemond</u>.[3]

---

[3]In <u>Rosemond</u> the Supreme Court "granted certiorari to resolve the Circuit conflict over what it takes to aid and abet a § 924(c) offense." 124 S.Ct. at 1245. The Court held that the

6

However, in order to raise a claim of actual innocence under § 2241, Petitioner must first establish that he is entitled to review under § 2241 by meeting the <u>Jones</u> requirements, which he is unable to do.[4] In the instant case, even if Petitioner satisfied the first and third elements of <u>Jones</u>, the crimes for which Petitioner was convicted all remain criminal offenses. Therefore, Petitioner has not satisfied the <u>Jones</u> criteria by establishing that § 2255 is inadequate or ineffective to test the legality of his detention and has improperly filed a § 2241 petition.

## VI. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 **[ECF No. 12]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the

---

Government establishes that a defendant aided and abetted a § 924(c) violation by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission. <u>Rosemond</u> at 1245-1251. The Court concluded that the trial court's instructions were erroneous because they failed to require that Rosemond knew in advance that one of his cohorts would be armed in telling the jury to consider merely whether Rosemond "knew his cohort used a firearm". The court did not direct the jury to determine when Rosemont obtained the requisite knowledge – *i.e.*, to decide whether Rosemont knew about the gun in sufficient time to withdraw from the crime. <u>Rosemond</u> did not involve a factual scenario similar to Petitioner's case, the Petitioner's conviction was not for 924(c), and the Supreme Court did not hold that its ruling applied beyond aiding or abetting § 924(c) offenses.

[4] <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255). A freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

7

Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 8, 2016

*s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE