**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**STEPHEN SATCHER**,

    Petitioner,

v.                                                                                      **Civ. Action No. 2:14-cv-92
(BAILEY)**

**LEONARDO ODDO, Warden**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble [Doc. 14], filed June 8, 2016. In that filing, the magistrate judge recommends that this Court deny petitioner's *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 12], filed January 20, 2015.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91,

1

94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of the filing of the R&R. Petitioner timely filed his Objections [Doc. 16] on June 22, 2016. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. This Court will review the remainder of the R&R for clear error.

I. **Background**[1]

    A. **Plea, Sentence, and Post-Conviction Motions**

On May 30, 2001, a federal grand jury in the District of Maryland returned a Second Superseding Indictment relating to petitioner [ECF No. 23]. The five-count indictment charged the petitioner with: (1) kidnapping resulting in the death of Jovita Dickerson, in violation of 18 U.S.C. § 1201; (2) conspiracy to kidnap, in violation of 18 U.S.C. § 1201(c); (3) carjacking resulting in the death of Jovita Dickerson, in violation of 18 U.S.C. § 2119; (4) interstate domestic violence resulting in the death of Jovita Dickerson, in violation of 18 U.S.C. § 2261(a)(1); and (5) interstate stalking, in violation of 18 U.S.C. § 2261A [Id.].

The United States filed a Notice of Intention to Seek the Death Penalty on May 31, 2001 [ECF No. 158]. Trial was then scheduled for January 11, 2002, but petitioner subsequently pled guilty to all counts of the Second Superseding Indictment [ECF No. 236-1]. Pursuant to the plea agreement, petitioner waived any rights to challenge any sentence imposed under 18 U.S.C. § 3742 and his right to contest his guilty plea or sentence under 28 U.S.C. § 2255 [Id. at 4]. Attached to petitioner's plea agreement is a

---

[1] ECF references refer to case No. 8:00-cr-105 in the District of Maryland. Due to the age of the case, many of the documents on the 8:00-cr-105 District of Maryland docket are unavailable and the facts have been taken from later documents on the docket and the magistrate judge's R&R [Doc. 14].

"Statement of Facts" which is signed by petitioner and describes petitioner as the one who initially planned the kidnapping, murder, and disposal of the body, and states the defendant actually strangled the victim, who was petitioner's girlfriend and his child's mother [Id. at 7-8]. Petitioner was sentenced to life imprisonment for all five counts, to run concurrently; five years' supervised release as to all counts; $505,187.40 restitution; and $500 special assessment fee [ECF No. 236].

On June 7, 2012, petitioner filed a § 2255 Motion to Vacate, arguing that Congress violated petitioner's Tenth Amendment rights by exceeding Congress's Constitutional powers [ECF No. 234]. Petitioner's § 2255 petition was dismissed as untimely on November 29, 2012 [ECF No. 241]. Petitioner then filed a Notice of Appeal [ECF. No. 242] based on the District Court's denial of his § 2255 motion, but that was also dismissed as untimely [ECF No. 246].

### B. The Instant Petition

In the instant § 2241 petition, petitioner first argues **Bond v. United States**, 134 S.Ct. 2077 (2014), supports his argument that the District Court of Maryland overstepped its jurisdictional boundaries because the State of Maryland maintains the criminal statutes that cover his criminal conduct [Doc. 12-1 at 4-6]. Petitioner's second ground is petitioner's argument that a recent Supreme Court opinion, **Rosemond v. United States**, 134 S.Ct. 1240 (2014), renders petitioner innocent of the aiding and abetting charges under 18 U.S.C. § 2. Petitioner requests that this Court vacate his guilty plea and sentence and order his immediate release [Id. at 8]. The magistrate judge's R&R recommends that the petitioner's § 2241 motion be denied and dismissed because

petitioner has not satisfied § 2255's savings clause, a prerequisite of using § 2241 [Doc. 10 at 6].

In petitioner's objections to the R&R, he argues: (1) that a Supreme Court decision, *Elonis v. United States*, 135 S.Ct. 2001 (2015), supports his argument that "scienters are necessary to convict a defendant and sentence him to life in prison"; (2) *Rosemond* is retroactive; and (3) that the federal government has overstepped its jurisdiction and infringed upon Maryland's state sovereignty [Doc. 16 at 1-2]. This Court agrees with and adopts the magistrate judge's R&R because the petitioner has not satisfied the elements of the § 2255 savings clause.

## II. <u>Applicable Law</u>

The law is clearly developed that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the

4

language in *Jones*, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime.

The savings clause of § 2255, however, is "confined to instances of actual innocence of the underlying offense of conviction," not "innocence" of a sentencing factor. *Darden v. Stephens*, 426 F.App'x 173, 174 (4th Cir. 2011)(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

## III. Discussion

In order to file a § 2241 petition, the petitioner must demonstrate that § 2255's remedy would be "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. In order to show inadequacy or ineffectiveness, petitioner must satisfy the three elements stated in *Jones*. Here, even if petitioner could satisfy the first and third elements of the *Jones* test, he would still fail the second element because the crimes he stands convicted of are still criminal offenses. *See Jones*, 226 F.3d 333-34. Therefore, petitioner's § 2241 motion cannot be granted.

The Court has reviewed the petitioner's other arguments and concludes that they are without merit and do not require further discussion.

## IV.     Conclusion

Upon careful review of the record, this Court hereby **ADOPTS** Magistrate Judge Trumble's Report and Recommendation **[Doc. 14]** and the petitioner's Objections **[Doc. 16]** are hereby **OVERRULED**.  As such, Satcher's Motion Under 28 U.S.C. § 2241 **[Doc. 12]** is hereby **DENIED and DISMISSED WITH PREJUDICE**.  Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court.  The Clerk is **DIRECTED** to enter separate judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to mail a true copy of this Order to the *pro se* petitioner and to transmit a copy of this Order to counsel of record.

**DATED**: June 30, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE